**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ALEJANDRO HERNANDEZ,** *Plaintiff,* | § § § § § § § | No. 3:20-CV-00263-DCG |
| **v.** | | |
| **ROBERT STEWART ROCHE, JR.,** *Defendant.* | | |

**REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

On this day, the Court considered the status of the above-styled and numbered cause. On March 3, 2021, the case was reassigned to the Honorable David C. Guaderrama (ECF No. 17), who referred Defendant's motion to dismiss (ECF No. 12) and motion for sanctions (ECF No. 14) for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 1(d) of Appendix C to the Local Rules. (ECF No. 18.) After due consideration, the Court **RECOMMENDS** that Plaintiff's Complaint should be **DISMISSED WITH PREJUDICE** for being frivolous and for failure to state a claim.

## I.    BACKGROUND

On October 21, 2020, Plaintiff Alejandro Hernandez, proceeding *pro se*, commenced the instant suit by filing an application to proceed *in forma pauperis*. (ECF No. 1.) On October 23, 2020, the Honorable Phillip R. Martinez granted the application, and Plaintiff's Complaint was thereafter filed. (ECF No. 2.) On November 13, 2020, Defendant, also proceeding *pro se* and *in forma pauperis* (ECF No. 11, text order dated 11/30/2020), filed his "Original Answer, Affirmative Defenses and Motion to Dismiss." (ECF No. 12.) On November 26, 2020, Plaintiff filed a response in opposition to Defendant's motion to dismiss. (ECF No. 13.) On January 19, 2021,

1

Defendant filed a motion for sanctions against Plaintiff. (ECF No. 14.) On January 28, 2021, Plaintiff filed a motion for summary judgment. (ECF No. 15.) The same day, Plaintiff filed a response in opposition to Defendant's motion for sanctions. (ECF No. 16.)

In his Complaint, Plaintiff states that he "is a person with a disability who has physical and/or mental conditions, including asthma and PTSD that substantially limits his major life activity of breathing and being free of anxiety and mental distress. Plaintiff cannot wear a mask over his face without experiencing breathing difficulties, anxiety, and mental distress." (ECF No. 2:4.) Defendant is "an estate sale agent." (*Id.* at 2.) Plaintiff alleges that Defendant maintains a policy "requiring all customers to wear face masks while inside Defendant's estate sales, with no exception for customers who cannot wear a mask for medical reasons or disabilities." (*Id.*) According to Plaintiff, this policy "is in direct contradiction to the Texas Governor's and City of El Paso's mask orders and the guidelines published by the United States Center for Disease Control." (*Id.*)

On October 11, 2020, Plaintiff "visited the estate sale conducted by Defendant . . . but was denied entrance by Defendant because Plaintiff cannot wear a face mask." (*Id.* at 4.) As a result, Plaintiff claims that he "encountered the denial of equal access, shaming, demeaning, humiliating and degrading treatment from Defendant at Defendant's business[,] which discriminate against him on the sole basis of his disability." (*Id.*)

Plaintiff seeks injunctive relief in the form of a Court order directing Defendant "to accommodate Plaintiff by allowing him to shop in [Defendant's] estate sales without wearing a mask." (*Id.* at 8.) Plaintiff also asks that the Court order Defendant to "be required to train its employees about its legal obligations and to post and disseminate notice to his employees

regarding their legal obligations under the [Americans with Disabilities Act]." (*Id.*)  In addition, Plaintiff seeks attorney's fees and other litigation expenses.  (*Id.* at 9.)

## II.   LEGAL STANDARDS

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In deciding a Rule 12(b)(6) motion "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted).

While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Supreme Court has explained that a court need not accept as true conclusory allegations or allegations stating a legal conclusion.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint must contain sufficient facts "to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.*

Although *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, even a *pro se* complaint may not merely set forth conclusory allegations but must set forth facts giving rise to a claim on which relief may be granted.  *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

## III.   ANALYSIS

### a.   Plaintiff's Complaint fails to state a claim.

Plaintiff's sole claim is that Defendants violated the Americans with Disabilities Act ("ADA"). Specifically, Plaintiff argues that Defendant violated the ADA by refusing Plaintiff entry into Defendant's estate sale because Plaintiff was not wearing a mask. (ECF No. 2:4.)

Title III of the ADA prohibits a place of public accommodation from discriminating against an individual on the basis of a disability. 42 U.S.C. § 12182(a). To prevail on this claim, Plaintiff must establish: "(1) that he is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, and (3) that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability." *Smith v. Brookshire Brothers*, No. A-11-CV-139-SS, 2011 WL 13203044, at *2 (W.D. Tex. Apr. 5, 2011), *report and recommendation adopted sub nom. Smith v. Texas Dep't of Crim. Just.*, No. A-11-CA-128-SS, 2011 WL 13183052 (W.D. Tex. May 16, 2011).

Here, Plaintiff pleads in his Complaint that he "is a person with a disability who has physical and/or mental conditions, including asthma and PTSD that substantially limits his major life activity of breathing and being free of anxiety and mental distress. Plaintiff cannot wear a mask over his face without experiencing breathing difficulties, anxiety, and mental distress." (ECF No. 2:4.) These factual allegations are sufficient to establish a prima facie case that Plaintiff is disabled under the ADA.

Next, Plaintiff states in his Complaint that Defendant operates estate sales by "advertis[ing] the place and time of sale on public media outlet[s], [then will] invite the public into a property where Defendant is operating the sale." (*Id.* at 2.) Plaintiff alleges that Defendant's estate sales are "places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104." (*Id.* at 4.)

From the face of Plaintiff's Complaint, it appears to the Court that Defendant's estate sales business essentially functions as a sales establishment.  The ADA applies to places of public accommodation, which include "sales or rental establishment[s]."  42 U.S.C. § 12181(7)(E); *see Magee v. Coca-Cola Refreshments USA, Inc.,* 833 F.3d 530, 534 (5th Cir. 2016).  As Plaintiff has alleged that Defendant is operating a sales establishment, Plaintiff has successfully alleged that Defendant is operating a place of public accommodation within the meaning of the ADA.

However, Plaintiff has not pled facts to allege that Defendants "took adverse action against [Plaintiff] that was based upon [his] disability."  *Smith*, 2011 WL 13203044 at *2 (citing *Gonzales v. H.E. Butt Grocery Co.*, 226 F. App'x 342 (5th Cir. 2007)).  Plaintiff was denied entry to Defendant's estate sale because he was not wearing a mask, not because of his disability.  Indeed, from the face of Plaintiff's Complaint, it is clear that Defendant had a uniform mask-wearing policy and denied Plaintiff service based on this uniform policy.  Thus, Defendant's refusal to serve Plaintiff was not based on Plaintiff's disability.

Moreover, Defendant was not required by the ADA to alter his mask policy for Plaintiff.  *See Reinoehl v. Whitmer*, No. 1:21-CV-61, 2021 WL 320727, at *2 (W.D. Mich. Jan. 22, 2021) (holding that defendant YMCA did not violate the ADA where it denied asthmatic plaintiff entry due to her refusal to wear a mask in accordance with the YMCA's policy), *report and recommendation adopted*, No. 1:21-CV-61, 2021 WL 1165695 (W.D. Mich. Mar. 26, 2021).  Indeed, a business "need not modify or alter the goods and services that it offers in order to avoid violating Title III [of the ADA]."  *McNeil v. Time Ins. Co.*, 205 F.3d 179, 188 (5th Cir. 2000); *cf. Cangelosi v. Sizzling Caesars LLC*, No. CV 20-2301, 2021 WL 291263, at *3 (E.D. La. Jan. 28, 2021) ("A private business is free to take more precautions on face coverings than those that the

state or local government requires.")  As such, Plaintiff has failed to make out a prima facie ADA case against Defendant.

        b.      **Defendant's motion for sanctions should be denied.**

The Court next turns to Defendant's "Motion for Sanctions and to Declare Plaintiff a Vexatious Litigant." (ECF No. 14.)  In the motion, Defendant accuses Plaintiff of being "an experienced vexatious litigant who intentionally and repeatedly abuses the judicial system by filing *pro se* litigation to harass individuals and businesses, as well as governmental entities and their employees." (*Id.* at 2.)  Defendant states that Plaintiff asked for $2,500 to settle the case, which Plaintiff stated was to "buy your [Defendant's] peace," in response to Defendant's request for an itemization of the demand. (*Id.* at 4.)  Defendant asks that the Court award him costs, monetarily sanction Plaintiff, label Plaintiff a vexatious litigant, and grant a pre-filing injunction against Plaintiff with regard to any contemplated future lawsuits. (*Id.* at 12-13.)

A district court has the inherent authority to impose sanctions "in order to control the litigation before it." *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 703 (5th Cir.1990), *aff'd sub nom. Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).  The court may also use that power to sanction conduct, *see Chambers*, 501 U.S. at 44, if it is "in direct defiance of the sanctioning court," *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 794 (5th Cir.1993), or constitutes "disobedience to the orders of the Judiciary," *Chambers*, 501 U.S. 32, 44 (1991).

Attorney fees may be assessed against a *pro se* litigant under its inherent power to award sanctions when the litigant is shown to have pursued litigation in bad faith.  *Swiney v. Texas,* No. SA-06-CA-0941 FB NN, 2008 WL 2713756, at *4 (W.D. Tex. July 3, 2008) ("A party should not be penalized for aggressively litigating a suit, but attorney's fees may be appropriate when litigation continues simply for the sake of burdening an opponent with unnecessary expenditures

of time and effort.") (internal quotes omitted), *report and recommendation adopted*, No. SA-06-CA-0941-FB, 2008 WL 11408741 (W.D. Tex. Dec. 15, 2008); *Allen v. Travis*, CIV. A. 3:06-CV-1361-M, 2007 WL 1989592, at *4 (N.D. Tex. July 10, 2007) ("sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims"). "The finding of bad faith must be supported by clear and convincing proof." *Hammervold v. Blank*, 3 F.4th 803, 811 (5th Cir. 2021) (*citing In re Moore*, 739 F.3d 724, 730 (5th Cir. 2014)).

As to labeling Plaintiff a vexatious litigant, "[t]he Court['s . . .] supervisory power over the litigation is circumscribed by the litigation within its jurisdiction." *Thabico Co. v. Kiewit Offshore Servs.*, Ltd., No. 2:16-CV-427, 2017 WL 3387185, at *6 (S.D. Tex. Aug. 7, 2017) (holding that the court lacked power to "assess sanctions for conduct undertaken in . . . state court actions"). As the Court is only aware of one other case commenced by Plaintiff in federal court (*see Hernandez v. El Pasoans Fighting Hunger*, 3:21-cv-55), and Defendant's only other basis for labeling Plaintiff vexatious is prior state court litigation, the Court finds that Defendant's motion to label Plaintiff a vexatious litigant should be denied.

With regard to Defendant's request that Plaintiff be sanctioned for demanding a lump sum to settle, the Court notes again that it cannot assess sanctions based on conduct in state court. Thus, the only evidence of sanctionable conduct in this case appears to be the settlement demand itself. The Court views Plaintiff's demand with skepticism, both because of the phrasing of his demand (saying that the $2,500 demanded was to "buy your [Defendant's] peace" (ECF No. 14:4)), and because monetary damages are ordinarily unavailable under Title III of the ADA. *See* 42 U.S.C. § 12188(a); *Morrison v. Unum Life Ins. Co. of Am.*, No. CIV. 06-2400, 2008 WL 4224807, at *4 (W.D. La. Sept. 10, 2008) (collecting cases). Plaintiff apparently knows that monetary damages are unavailable under the ADA because he did not request them in his Complaint. (ECF No. 2:9.)

Nevertheless, the Court finds that Plaintiff's conduct here does not rise to the level of being sanctionable, as the demand alone is not sufficiently clear and convincing evidence of bad faith. Therefore, the Court recommends that Defendant's motion for sanctions against Plaintiff be denied.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim for injunctive relief under the ADA.  Additionally, the Court finds that sanctions are inappropriate at this time.

Accordingly, the Court **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** for being frivolous and for failure to state a claim.  The Court further **RECOMMENDS** that Defendant's motion for sanctions against Plaintiff be **DENIED**.

**SIGNED** this 19th day of August, 2021.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**