UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ALEJANDRO HERNANDEZ, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | EP-20-CV-00263-DCG |
| ROBERT STEWART ROCHE, JR., | § § § | |
| *Defendant*. | § | |

## <u>MEMORANDUM ORDER</u>

Presently before the Court are Defendant Robert Stewart Roche, Jr.'s Motion to Dismiss, which he filed as part of his "Original Answer, affirmative Defenses, and Motion to Dismiss" (ECF. No. 12); Defendant's "Motion for Sanctions and to Declare Plaintiff a Vexatious Litigant" (ECF No. 14); United States Magistrate Judge Robert F. Castaneda's "Report and Recommendation" (ECF No. 23) on these motions; as well as Plaintiff Alejandro Hernandez's "Objections to [the] Report and Recommendation" (ECF No. 24).  Plaintiff and Defendant are each proceeding *pro se* in this action.  For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **ACCEPTS IN PART, REJECTS IN PART** the Magistrate Court's Report and Recommendation, **GRANTS IN PART** Defendant's Motion to Dismiss, and **DENIES** Defendant's Motion for Sanctions.

## I.   BACKGROUND

Mr. Hernandez claims that Mr. Roche, who is an estate sale agent, violated Title III of the Americans with Disabilities Act ("ADA") by failing to accommodate his disability.  The events giving rise to this lawsuit take place against the backdrop of the COVID-19 pandemic and the existence of face mask mandates aimed at slowing the spread of the virus.  *See* Compl. ¶¶ 7–8. Face mask requirements, Mr. Hernandez's suggests, cannot be universally or strictly applied

because some people, like him, have disabilities that prevent them from wearing a face mask. Compl. ¶¶ 6, 13.

Mr. Hernandez's specific claim arises from his visit to one of Mr. Roche's estate sales in El Paso, Texas. Compl. ¶ 10. On October 11, 2020, Mr. Hernandez attempted to visit an estate sale, but Mr. Roche denied him entrance because he was not wearing a face mask. *Id.* Mr. Hernandez asserts that he cannot wear a face mask due to his physical and mental disabilities, which include asthma and PTSD. Compl. ¶ 9. Wearing a face mask, Mr. Hernandez claims, will cause him "breathing difficulties, anxiety, and mental distress." *Id.* Because of this, Mr. Hernandez alleges to have requested a modification of Mr. Roche's policy requiring face masks to shop at his estate sales, though he did not specify what modification he requested. *See generally* Compl. ¶¶ 6, 15, 19. According to Mr. Hernandez, Mr. Roche did not modify his policy and ultimately did not let him shop at the estate sale. Compl. ¶¶ 6, 10.

So, Mr. Hernandez filed suit. On October 23, 2020, Mr. Hernandez filed a Complaint (ECF No. 2) in which he alleges that Mr. Roche violated Title III of the ADA, which prohibits disability discrimination in places of public accommodation. Then, on November 13, 2020, Mr. Roche filed "Defendant's Original Answer, affirmative Defenses, and Motion to Dismiss" (ECF No. 12). In his motion to dismiss for failure to state a claim, Mr. Roche argues, in relevant part, that Mr. Hernandez does not state a claim because his desired modification to the face mask policy is neither reasonable nor necessary. Mot. to Dismiss, at 4–5. On November 26, 2020, Mr. Hernandez filed his "Response to Defendant's Motion to Dismiss" (ECF No. 13).

On July 13, 2021, the Court referred Mr. Roche's Motion to Dismiss and Motion for Sanctions to the Magistrate Court. ECF No. 18. On August 19, 2021, the Magistrate Court issued its "Report and Recommendation" (ECF No. 23). The Magistrate Court recommended

that Mr. Hernandez's Complaint be dismissed with prejudice for being frivolous and for failure to state a claim.  R. & R. at 8.  The Magistrate Court further recommended that Mr. Roche's motion for sanctions against Mr. Hernandez be denied.  *Id.*  On August 20, 2021, one day after the Magistrate Court issued its Report and Recommendation, Mr. Hernandez filed "Objections to [the] Report and Recommendation of [the] Magistrate Judge" (ECF No. 24).  Mr. Hernandez objects to the Magistrate Court's reasoning and conclusion regarding Mr. Roche's Motion to Dismiss and requests review of the Report and Recommendation.  Pl.'s Objs.

## II.   STANDARDS

### A.  Standard for Reviewing a Report and Recommendation.

When a party files timely written objections to a magistrate court's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.").  After completing its review of the report, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

As to the portions of a magistrate court's report and recommendation that were not objected to, the district court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  A finding "is clearly erroneous if the court 'is left with the definite and firm conviction that a

mistake has been committed.'" *Alphonse v. Arch Bay Holdings, LLC*, 618 F. App'x 765, 768 (5th Cir. 2015) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

**B. Standard for Reviewing a Motion to Dismiss.**

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal of a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion, a court accepts well-pleaded facts as true and construes them in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). A complaint will survive a motion to dismiss if its facts, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007).

To meet the "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation [is] to provide the grounds of his entitlement to relief, [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555–56 (internal quotations omitted); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (citations and quotations omitted)).

Additionally, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys. Such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). Even a *pro se* complaint, however, may not merely set forth conclusory allegations. The *pro se* litigant must still set forth facts giving rise to a claim on which relief

may be granted. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

### III.  DISCUSSION

**A.  Establishing a Claim under Title III of the Americans with Disabilities Act.**

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA defines discrimination to include:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

42 U.S.C. § 12182(b)(2)(A)(ii).

A four-prong test guides the inquiry into whether a plaintiff has established a prima facie case of disability discrimination by failure to accommodate a plaintiff's disability. To assert a viable claim a plaintiff must allege:

> (1) [they are] disabled as the term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability.[1]

---

[1] Part of the standard is also that a modification is not required if it will fundamentally alter the nature of the public accommodation. *Kooster v. Young Men's Christian Assoc. of Greater St. Louis*, 855 F.3d 908, 910 (8th Cir. 2017); 42 U.S.C. § 12182(b)(2)(A)(ii). However, the burden is on the defendant to establish "that the requested modification would fundamentally alter the nature of the public accommodation." *Johnson v. Gambrinus Co./Spoetzl Brewery*, 116 F.3d 1052, 1059 (5th Cir. 1997). The Court, therefore, has not included this element in the standard governing whether a plaintiff has asserted a prima facie case of discrimination under Title III.

*Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004).  *See also Kooster v. Young Men's Christian Assoc. of Greater St. Louis*, 855 F.3d 908, 910 (8th Cir. 2017); *Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 307 (1st Cir. 2003); *Johnson v. Gambrinus Co./Spoetzl Brewery*, 116 F.3d 1052, 1058–59 (5th Cir. 1997) (discussing burdens of proof).[2]

The antidiscrimination provisions in Title III are not without limitations.  "The ADA does not require a place of public accommodation to provide a plaintiff with the ideal or preferred accommodation; rather, [it] requires that a defendant provide a plaintiff with an accommodation that is reasonable and permits the plaintiff to participate equally in the good, service, or benefit being offered."  *Bailey v. Bd. of Comm'rs of La. Stadium Exposition Dist.*, 484 F. Supp. 3d 346, 365 (E.D. La. 2020) (quoting 1 Americans with Disab. Pract. & Compliance Manual § 4:1, Nondiscrimination Mandate); *cf. E.E.O.C. v. Agro Distrib. LLC*, 555 F.3d 462, 471 (5th Cir. 2009) (applying same principle in employment context).

Furthermore, Congress anticipated that there may be situations when no reasonable modification can be made.  Title III of the ADA specifically states:

> [n]othing in this subchapter shall require an entity to permit an individual to participate in or benefit from the goods, services, facilities, privileges, advantages, and accommodations of such entity where such individual poses a direct threat to the health and safety of others.

42 U.S.C. § 12182(b)(3); *see also Spector v. Norwegian Cruise Line Ltd.*, 545 U.S. 119, 129, 136 (2005); *Bragdon v. Abbott*, 524 U.S. 624, 648–49 (1998) ("The ADA's direct threat provision stems from the recognition . . . of the importance of prohibiting

---

[2] The Fifth Circuit has not had the occasion to directly opine on the elements of a Title III claim, though it has addressed Title III claims and those opinions provide the Court guidance.  *See, e.g.*, *Perez v. Drs. Hosp. at Renaissance, Ltd.*, 624 F. App'x 180 (5th Cir. 2015); *Gonzales v. H.E. Butt Grocery Co.*, 226 F. App'x 342 (5th Cir. 2007); *McNeil v. Time Ins. Co.*, 205 F.3d 179 (5th Cir. 2000); *Johnson*, 116 F.3d 1052.  Based on the plain language of 42 U.S.C. § 12182(b)(2)(A)(ii) and Fifth Circuit precedent, the Court concludes that a plaintiff can make out a prima facie claim of discrimination under Title III of the ADA by alleging facts that go toward the elements of the test as quoted above and set forth in *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075 (9th Cir. 2004).

discrimination against individuals with disabilities while protecting others from significant health and safety risks, resulting, for instance, from a contagious disease." (citations omitted)).  Therefore, even when a plaintiff makes out a prima facie case of disability discrimination under Title III, it may later be determined, during the course of the litigation, that a defendant's conduct was lawful.

**B.  The Magistrate Court's Report and Recommendation and Plaintiff's Objections.**

In recommending dismissal of Plaintiff's complaint for failure to state a claim, the Magistrate Court focused on the third and fourth prongs of the test.[3]  The Magistrate Court found that Defendant did not discriminate against Plaintiff based on his disability.  R. & R. at 5.  More specifically, the Magistrate Court reasoned that because "Defendant had a uniform mask-wearing policy and denied Plaintiff service based on this uniform policy," "Plaintiff was denied entry to Defendant's estate sale because he was not wearing a mask, not because of his disability." *Id.*  Furthermore, the Magistrate Court found that "Defendant was not required by the ADA to alter his mask policy for Plaintiff." *Id.* at 5–6.

Plaintiff objects to these findings of the Magistrate Court.  First, Plaintiff argues that a defendant's failure to accommodate a plaintiff with reasonable modifications can constitute disability discrimination.  Pl.'s Objs., at 1, 2–4.  Second, Plaintiff argues that Defendant was required to alter his face mask policy under the ADA, as the alteration would be a reasonable modification that would accommodate Plaintiff's disability. *Id.* at 4–6.  Because the Plaintiff asserts that he has plead sufficient facts to make out a prima facie case of disability

---

[3] The Magistrate Court found that Plaintiff plead sufficient facts to establish a prima facie case on the first two elements of the test.  That is, the Magistrate Court found that Plaintiff pled sufficient facts to establish (1) that Plaintiff is disabled under the ADA and (2) that Defendant owns, leases, or operates a place of public accommodation; specifically, a sales establishment.  R. & R. at 4–5.  Plaintiff does not object to these findings of the Magistrate Court.  Pl.'s Objs.  The Court concludes that these findings are not clearly erroneous or contrary to law, and the Magistrate Judge did not abuse his discretion.

discrimination, he urges the Court to reject the Magistrate Court's recommendation that his Complaint should be dismissed with prejudice. *Id.* at 8.

### C. The Court Accepts in Part, Rejects in Part the Magistrate Court's Recommendation as to Dismissal of Plaintiff's Complaint.

After careful review of the Report and Recommendation, the Court concludes that the Magistrate Court's recommendation that the Plaintiff's complaint be dismissed was proper. The Court, however, reaches the result under a different reasoning. Additionally, the Court departs from the Magistrate Court's recommendation that Plaintiff's complaint be dismissed with prejudice. The Court will provide Plaintiff leave to amend his Complaint in order to cure deficiencies described below.

As a preliminary matter, the Court notes that Defendant argues that he offered Plaintiff a reasonable modification to his face mask policy. Mot. to Dismiss at 5. Specifically, Defendant asserts that he permits customers to wear a face shield when they cannot or will not wear a face mask. *Id.* Though the Court has no reason to doubt this, the Court is, with limited exceptions, required to decide a motion to dismiss based on the factual allegations asserted in a plaintiff's complaint.[4] *See Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011). Thus, at this stage in the litigation, Defendant's factual assertions in his Motion to Dismiss are not considered.

To survive Defendant's Motion to Dismiss, Plaintiff must have sufficiently plead facts to make his success plausible on all elements of the cause of action: (1) that he is disabled as the term is defined by the ADA; (2) that the Defendant owns, leases, or operates a place of public accommodation that is a private entity; (3) that Defendant employed a discriminatory policy or

---

[4] One of those limited exceptions allows a court to consider documentary evidence attached to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). In this case, Plaintiff's Complaint refers to Defendant's face mask policy, and it appears that the policy is central to Plaintiff's claim. So, if Defendant had attached his face mask policy to his Motion to Dismiss, then the Court could have considered it.

practice; and (4) that Defendant discriminated against Plaintiff based upon Plaintiff's disability by (a) failing to make a requested reasonable modification to Defendant's policy that was (b) necessary to accommodate Plaintiff's disability.  *See, e.g.*, *Fortyune*, 364 F.3d at 1082; *supra*.

Accepting Plaintiff's factual allegations as true and drawing all reasonable inferences in his favor, the Court concludes that Plaintiff fails to allege facts sufficient to make out a prima facie case of a violation of Title III of the ADA.  Specifically, Plaintiff fails to allege sufficient facts with respect to the fourth element of the cause of action; that is, facts that would allow a reasonable inference to be drawn that Plaintiff requested a reasonable modification to Defendant's face mask policy and that any modification requested by Plaintiff was necessary to accommodate his disability.  With respect to this element, Plaintiff's Complaint "pleads facts that are merely consistent with [Defendant's] liability, [and] it stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678 (citations omitted).  More is required.

It is true that Plaintiff alleges that Defendant has a policy that requires customers to wear face masks and that that policy has no exceptions for customers who cannot wear face masks for medical reasons or disabilities.  Compl. ¶ 6.  But Defendant alleges no factual details about *his request* for a modification of Defendant's policy, beyond the mere fact that he requested one.  Compl. ¶¶ 10, 19.  Nowhere in the Complaint does Plaintiff allege, for example, that he made a request to wear a face shield, shop alone at Defendant's estate sale, or some other specific modification to Defendant's face mask policy.  *See* Compl.  One may be able to surmise that Plaintiff's request was simply to not wear a face mask, as that is part of Plaintiff's prayer for relief, Compl. ¶ 25, but he does not allege that that was his request during the course of events

that gave rise to his Complaint. This leaves the Court and Defendant in the dark about facts that could suggest plausible entitlement to relief.

Furthermore, assuming Plaintiff requested a specific modification to Defendant's face mask policy, Plaintiff alleges no facts as to why that particular modification was reasonable and necessary. *See* Compl. Whether a modification is reasonable and "necessary to afford [] goods, services facilities, privileges, advantages, or accommodations to individuals with disabilities," is part of an ADA Title III claim. 42 U.S.C. § 12182(b)(2)(A)(ii); *Johnson*, 116 F.3d at 1059; *Fortyune*, 364 F.3d at 1082. Without these facts—the requested modification and why it was reasonable and necessary—Plaintiff failed "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

But "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000); *see also Great Plains Tr. V. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). Therefore, out of an abundance of caution, the Court will *sua sponte* grant Plaintiff leave to amend his complaint and thereby afford him an opportunity to allege sufficient facts, consistent with his obligations under Federal Rule of Civil Procedure 11(b),[5] and cure the pleading deficiencies discussed *supra*.

---

[5] Rule 11 provides, in relevant part:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**D. The Court Adopts the Magistrate Court's Recommendation that Defendant's Motion for Sanctions Should be Denied.**

The Magistrate Court found that Plaintiff's conduct in this case was not sanctionable and thus recommended that Defendant's motion for sanctions against Plaintiff be denied. No objections were filed. Therefore, having carefully reviewed the Report and Recommendation, the Court concludes that these findings are not clearly erroneous or contrary to law, and the Magistrate Judge did not abuse his discretion. *See, e.g.*, *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

### IV.   CONCLUSION

**IT IS ORDERED** that Plaintiff Alejandro Hernandez's "Objections to Report and Recommendation of Magistrate Judge" (ECF No. 24) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Court's Report and Recommendation (ECF No. 23) is **ACCEPTED IN PART, REJECTED IN PART**.

**IT IS FURTHER ORDERED** that Defendant Robert Stewart Roche, Jr.'s Motion to Dismiss contained in his "Original Answer, affirmative Defenses, and Motion to Dismiss" (ECF No. 12) is **GRANTED IN PART and DENIED IN PART**.  The Motion is denied to the extent Defendant moves to dismiss Plaintiff's claim with prejudice and is granted in all other aspects.

**IT IS FURTHER ORDERED** that Plaintiff Alejandro Hernandez's claims against Defendant Robert Stewart Roche, Jr. are **DISMISSED WITHOUT PREJUDICE** and **WITH**

---

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b).

**LEAVE TO AMEND.**  Plaintiff shall have **twenty-one (21) days** from the date of this Order to file an amended complaint to cure the pleading deficiencies discussed in this Order.

**IT IS FURTHER ORDERED** that Defendant Robert Stewart Roche, Jr. shall have **twenty-one (21) days** after being served with Plaintiff's amended complaint to respond to such amended complaint.

**IT IS FINALLY ORDERED** that Defendant's "Motion for Sanctions and to Declare Plaintiff a Vexatious Litigant" (ECF No. 14) is **DENIED**.

**So ORDERED and SIGNED this 16th day of September 2021.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**